**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION - ROCKFORD**

| | | |
|---|---|---|
| STEPHEN SZPILA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. |
| | ) | |
| BLATT, HASENMILLER, | ) | |
| LEIBSKER & MOORE, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

STEPHEN SZPILA (Plaintiff), through his attorneys, KROHN & MOSS, LTD., alleges

the following against BLATT, HASENMILLER, LEIBSKER & MOORE, (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et*

   *seq.* (FDCPA).

2. Defendant acted through its agents, employees, officers, members, directors, heirs,

   successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### JURISDICTION AND VENUE

3. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such

   actions may be brought and heard before "any appropriate United States district court

   without regard to the amount in controversy."

4. Defendant conducts business and is located in the state of Illinois, and therefore, personal

   jurisdiction is established.

5.  Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

6.  Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

## PARTIES

7.  Plaintiff is a natural person residing in Rockford, Winnebago County, Illinois.

8.  Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)*.

9.  Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)*, and sought to collect a consumer debt from Plaintiff.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant is a national company with a business office located in Chicago, Cook County, Illinois.

11. Defendant is a collection agency that in the ordinary course of business, regularly, on behalf of itself or others, engages in debt collection.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant talked to Plaintiff in an abusive and harassing manner.

14. Defendant places telephone calls without meaningful disclosure of the caller's identity as Defendant fails to leave any voicemail messages.

15. Defendant has failed to identify itself as a debt collector in subsequent communications as Defendant will call Plaintiff and hang up without leaving a voicemail message.

16. Defendant's representative made offensive remarks to Plaintiff by stating "you call that fulfilling your obligations" when Plaintiff asked to pay two-hundred and fifty dollars ($250.00) a month.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the FDCPA based on the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

   b. Defendant violated *§1692d(2)* of the FDCPA by using abusive language when speaking to Plaintiff by stating "you call that fulfilling your obligations" when Plaintiff asked to pay two-hundred fifty ($250.00) dollars a month.

   c. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

   d. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

   e. Defendant violated *§1692e(10)* of the FDCPA by using deceptive means in an attempt to collect a debt by calling Plaintiff and hanging up without leaving a voicemail message

   f. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the call is from a debt collector because Defendant calls Plaintiff and hangs up without leaving a voicemail message.

WHEREFORE, Plaintiff, STEPHEN SZPILA, respectfully requests judgment be entered against Defendant, BLATT, HASENMILLER, LEIBSKER & MOORE, for the following:

18. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

19. Statutory damages of $1000.00 pursuant to the Fair Debt Collection Practices Act, *15 U.S.C.*

    *1692k*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15*

    *U.S.C. 1692k*

22. Any other relief that this Honorable Court deems appropriate.


                        RESPECTFULLY SUBMITTED,

                        By:_ __/s/ Adam J. Krohn_____
                        [ ]Adam J. Krohn
                        [ ]Adam T. Hill
                        Attorneys for Plaintiff
                        Krohn & Moss, Ltd.
                        120 W. Madison Street
                        10th Floor
                        Chicago, IL 60602


## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, STEPHEN SZPILA, demands a jury trial in this

case.

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ILLINOIS

      Plaintiff, STEPHEN SZPILA, states the following:

1.     I am the Plaintiff in this civil proceeding.

2.     I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3.     I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.

4.     I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5.     I have filed this Complaint in good faith and solely for the purposes set forth in it.

6.     Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7.     Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

      Pursuant to 28 U.S.C. § 1746(2), I, STEPHEN SZPILA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

_1/19/2010_
Date

_[signature]_
STEPHEN SZPILA